IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 25 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

KIMBERLY V. BRACEY                                                                                           PLAINTIFF

VS.                                                              CIVIL ACTION NO.: 3:16 cv 657 DPJ FKB

CITY OF JACKSON, MISSISSIPPI;
MAYOR TONY YARBER INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY;
JOHN DOES 1-3                                                                                              DEFENDANTS

**COMPLAINT**
**JURY TRIAL DEMANDED**

    **COMES NOW** the Plaintiff, Kimberly V. Bracey, by and through her counsel, Watson & Norris, PLLC, and files this action against Defendants, City of Jackson, Mississippi, Mayor Tony Yarber and John Does 1-3. As more specifically set forth below, Plaintiff has been subjected to sex discrimination, sexual harassment, a sexually hostile work place in violation of the Title VII of the Civil Rights Act of 1964, as amended, has been unlawfully retaliated against. in the terms and conditions of her employment with Defendant, City of Jackson, Mississippi, has been subjected to violations of the 14th Amendment, Equal Protection, by Defendant Mayor Tony Yarber and has suffered violations of the Electronic Communications Privacy Act by Defendants. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

    1.    The Plaintiff, Kimberly V. Bracey, is an adult female resident of Hinds County, Mississippi, residing at 6331 Lyndon B. Johnson Drive, Jackson, MS 39213.

2, Defendant, City of Jackson, Mississippi, is a municipality in the state of Mississippi and may be served through the City Clerk, Kristi Moore, 219 South President Street, Jackson, MS 39205.

3. Defendant, Mayor Tony Yarber, may be served with process by serving the Office of the Mayor, 219 S. President Street, Jackson, MS 39205.

4. In addition to the Defendants identified above, there are Defendants whose identities are presently unknown to Plaintiff. These unknown Defendants are identified as "John Doe" Defendants 1-3 pursuant to Federal Rules of Civil Procedure. Every allegation in the Complaint is an allegation and a filing as of this date against each "John Doe" Defendant. These Defendants are persons whose identities are unknown at this time; however, they are believed to be employees of Defendant, City of Jackson, Mississippi.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction.

6. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

7. Plaintiff was hired by Defendant on April 24, 2014 as an Executive Assistant to the Mayor, Tony Yarber. As such, Defendant Tony Yarber was in a position of direct authority over Plaintiff.

8. In May 2014, Plaintiff separated from her husband and moved in with Monica Joiner, who is the City Attorney for Defendant City of Jackson, Mississippi.

9. During this time Defendant Tony Yarber engaged in a sexual relationship with Plaintiff. Plaintiff did not make Ms. Joiner aware of this relationship as Ms. Joiner was also actively pursuing a sexual relationship Defendant Yarber. Plaintiff was also aware that Defendant Yarber engaged in numerous sexual relationships with other women during this time.

10. In July 2014, Plaintiff reconciled her relationship with her husband, and moved back into their family home.

11. At this point Plaintiff ended her consensual relationship with Defendant Yarber.

12. In response Defendant Yarber transferred Plaintiff to be supervised by other staff members.

13. Around this same time Defendant Yarber began forcing Plaintiff to continue the sexual relationship by making it clear that she could be terminated if she did not have sex with him. Plaintiff was the sole source of income for her family at this time, and could not easily find comparable work.

14. Defendant Yarber has requested Plaintiff to encourage another female to give Defendant Yarber oral sex in exchange for guaranteed employment.

15. Defendant Yarber subjected Plaintiff to inappropriate sexual comments about other women on several occasions.

16. In May or June 2014, Plaintiff was required to attend a fundraiser arranged by Marshand Crisler in New Orleans, Louisiana. Mitzi Bickers, who is a campaign

contributor for Defendant Yarber, hosted a dinner at a restaurant in New Orleans where numerous city staff members were in attendance. Later that evening Plaintiff, Defendant Yarber, Jason Goree, Torrence Mayfield and Jackie Anderson Woods met Ms. Bickers at a strip club where Ms. Bickers paid for everything. Plaintiff and Mr. Mayfield were required to watch the door where Mayor Yarber and one of the strippers went into to be alone.

17. In August 2014, Plaintiff was required to attend another fundraiser for Defendant Yarber in Atlanta, Georgia that was hosted by Mitzi Bickers. After the fundraiser Defendant Yarber, Plaintiff, Jackie Woods, Artie Stuckey and Jason Goree rode by boat with Ms. Bickers to one of her friend's house. Prior to arriving at the home Plaintiff had been informed they were going for a dinner. Instead, Plaintiff and others were greeted by strippers wearing only body paint.

18. In August or September 2014, Plaintiff was required to attend another fundraiser for Defendant Yarber and Tyrone Lewis in Atlanta that was hosted by Mitzi Bickers. After the fundraiser Plaintiff was required to go with Defendant Yarber and Aaron Banks for another gathering at Ms. Bicker's home. Again strippers wearing only body paint greeted them at the door. Ms. Bickers had arranged for a woman to have a sexual relationship with Defendant Yarber while Plaintiff was attending a fundraiser in Atlanta, Georgia.

19. In early April 2015, Plaintiff could not take the harassment any longer, and chose to refuse any further advances even if it meant her employment would be terminated.

20. On April 26, 2015, Plaintiff was falsely accused by Mayor Yarber of unauthorized use of city equipment for personal use. Plaintiff was threatened with termination by Jackie Woods. Plaintiff was then placed under the supervision of Beatrice Slaughter and told by email from Mayor Yarber, who copied the City Attorney on the email, that Plaintiff would no longer be under the supervision of Jackie Woods.

21. On April 27, 2015, Plaintiff was abruptly terminated by Mayor Yarber. Around this same time Plaintiff learned that City of Jackson, MS employees unlawfully accessed her private Google e-mail to assert Plaintiff was using city equipment for personal use. Defendant John Does 1-3 unlawfully accessed Plaintiff's private Google e-mail account to pull a flyer for the campaign of Plaintiff's husband to falsely claim Plaintiff had printed or copied the flyer hundreds of times to be used for the campaign.

22. Plaintiff had verbal authorization from her director, Beatrice Slaughter, to use the city's equipment to make copies for her husband's campaign and to keep a log of the copies, which she did. While Plaintiff did use the city's equipment with authorization from her supervisor, the particular flyer pulled from her private e-mail account was never copied using city equipment.

23. During her tenure as Executive Assistant to Mayor Yarber and her job with the City of Jackson, Mississippi, Plaintiff always performed her job duties above satisfactory and had a good work record.

24. In truth, Plaintiff was terminated for refusing the sexual advances of Tony Yarber, Mayor of the City of Jackson, Mississippi.

25. To Plaintiff's knowledge, there were two other female city employees who were terminated because they refused sexual advances from Tony Yarber while he was acting as the Mayor of the City of Jackson, Mississippi.

26. Further, to Plaintiff's knowledge, there were two other co-workers who violated the same work rule (unauthorized use of city equipment), but were not disciplined or discharged.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF TITLE VII - SEXUAL HARASSMENT AND THE 14TH AMENDMENT THROUGH § 1983 – EQUAL PROTECTION

27. Plaintiff incorporates the above paragraphs 1 through 26 as though specifically set forth herein and alleges as follows:

28. The actions of Tony Yarber, acting in his individual and official capacity as Mayor of the Defendant, the City of Jackson, constitute unlawful sexual harassment.

29. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and the 14th Amendment through § 1983, and entitle Plaintiff to the recovery of damages.

### COUNT II – VIOLATIONS OF TITLE VII AND THE 14TH AMENDMENT THROUGH § 1983 – RETALIATION

30. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 29 above as though specifically set forth herein.

31. Defendant City of Jackson, Mississippi has violated Title VII of the Civil Rights Act of 1964 and Defendants have violated the 14th Amendment through 42 U.S.C. 1983 by retaliating against Plaintiff for refusing the sexual advances of the Mayor of the City of Jackson, Mississippi, Tony Yarber.

32.     As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish.

### COUNT III – VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT and STORAGE COMMUNICATION ACT

33.     Plaintiff incorporates the above paragraphs 1 through 32 as though specifically set forth herein and alleges as follows:

34.     By unlawfully accessing Plaintiff's personal email account as an employee, agent and/or representative of the City of Jackson, Defendant City of Jackson, Mississippi along with John Does 1-3 violated the Electronic Communications Privacy Act of 1986 as well as the Storage Communication Act.

35.     Plaintiff has been harmed as a result of Defendants' actions, and the Defendants are liable to Plaintiff for the same.

36.     The acts of the Defendants and their employees, agents and representatives constitute a willful intentional violation of Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq.*, and other state and federal laws, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;

6. Costs and expenses; and
7. Any other relief to which she may be properly entitled.

THIS, the 24th day of August 2016.

                                        Respectfully submitted,

                                        KIMBERLY V. BRACEY, PLAINTIFF

By: _____
                                        Louis H. Watson, Jr.  (MB# 9053)
                                        Nick Norris (MB#101574)
                                        Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com