UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY V. BRACEY                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:16cv657-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI, et al.                                         DEFENDANTS

ORDER

This case is before the Court on Counter-Defendant Kimberly V. Bracey's Motion to Dismiss [14]. Bracey asks the Court to dismiss Counter-Plaintiff Tony Yarber's Counterclaim [9] against her. For the reasons that follow, the motion is granted and the Counterclaim is dismissed.

I.      Facts and Procedural History

On August 25, 2016, Kimberly V. Bracey filed this lawsuit alleging sex-discrimination, sexual-harassment, hostile-work-environment, and retaliation claims against the City of Jackson and Mayor Tony Yarber, individually and in his official capacity. In general terms, Bracey's claims center on allegations of mistreatment by Yarber while she was employed by the City of Jackson from April 2014, through April 2015.

On October 24, 2016, Yarber, in his individual capacity, filed his Answer and Counterclaim [9]. He asserts claims against Bracey for abuse of process and defamation related to her filing of the Complaint and Amended Complaint [3] in this action. Bracey moved to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6). Following the entry of a show-cause order, Yarber responded in opposition, and Bracey filed a reply. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

When considering a motion to dismiss under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations and footnote omitted).

III.    Analysis

    A.      Abuse of Process

Yarber alleges that "the filing of the Complaint and the filing and service of the Amended Complaint containing false allegations . . . constitute abuse of process."  Countercl. [9] at 9.

> To maintain an action for abuse of process, the plaintiff must establish:  "(1) that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process; and (3) that damage resulted to the plaintiff from the irregularity."

*Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997) (quoting *State ex rel. Foster v. Turner*, 319 So. 2d 233, 236 (Miss. 1975)).

> Typical of the cases where the action of abuse of process will lie is where through the employment of process a man has been arrested or his property seized in order to extort payment of money from him, even though the claim be a just one other

2

> than in that suit, or to prevent a conveyance, or to compel him to give up possession to some thing or value, when such were not the legal objects of the suit.

*Edmonds v. Delta Democrat Publishing Co.*, 93 So. 2d 171, 175 (Miss. 1957).  Where "the only process involved was a simple summon to defend the suit," a claim for abuse of process will not lie.  *Id.*; *see also Gatheright v. Clark*, No. 16-60364, 2017 WL 728698, at *3 (5th Cir. Feb. 23, 2017) ("Where a claim is based solely on the filing of a suit, and not on any perversion of the process once process issues, a claim for abuse of process will fail."); *Austin Firefighters Relief & Ret. Fund v. Brown*, 760 F. Supp. 2d 662, 676–77 (S.D. Miss. 2010) ("[W]here an abuse of process claim is based simply on the filing of a lawsuit, it cannot be said that process of the court has been abused by accomplishing a result not commanded by it or not lawfully obtainable under it.").

In this case, as in the cases cited above, Yarber's counterclaim is "not based on any perversion of any process[;] rather, it [is] based simply on the filing of the suit."  *Moon*, 690 So. 2d at 1197 (citing *Edwards*, 93 So. 2d at 174); *see also id.* ("[T]he only process involved in this case was the summons.  There were no arrests made, and there was no seizure of property.  Thus, there was no improper use of process after it had been issued.").  Because Yarber's abuse-of-process claim is based solely on Bracey's filing of this lawsuit, the claim fails as a matter of law.  The motion to dismiss is granted as to the abuse-of-process claim, which is dismissed with prejudice.

B. Defamation

In his defamation count, Yarber claims that Bracey "made numerous false and defamatory statements concerning" him.  Countercl. [9] at 10.  All of the false statements attributed to Bracey in the facts section of the Counterclaim are described as contained within either the Complaint or the Amended Complaint in this matter.  *Id.* at 8–9.

3

> To establish a claim for defamation, a plaintiff must prove the following elements: "(1) a false and defamatory statement concerning plaintiff; (2) *unprivileged* publication to third party; (3) fault amounting at least to negligence on part of publisher; (4) and either actionability of statement irrespective of special harm or existence of special harm caused by publication."

*Armistead v. Minor*, 815 So. 2d 1189, 1193 (Miss. 2002) (emphasis added) (quoting *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998)).  Importantly, "[s]tatements made in connection with judicial proceedings, including pleadings, are, if in any way relevant to the subject matter of the action, absolutely privileged and immune from attack as defamation, even if such statements are made maliciously and with knowledge of their falsehood." *McCorkle v. McCorkle*, 811 So. 2d 258, 266 (Miss. Ct. App. 2001) (citing *Gunter v. Reeves*, 21 So. 2d 468, 470 (Miss. 1945)); *see also Knotts by Knotts v. Hassell*, 659 So. 2d 886, 890 (Miss. 1995) ("This Court has long recognized the absolute privilege that is attached to relevant statements made during the course of judicial proceedings.").

For his part, Yarber does not seem to dispute the absolute privilege afforded to statements made in judicial proceedings, instead characterizing the Counterclaim as including "defamatory statements [Bracey made] about [Yarber] to Anna Wolfe of the Clarion Ledger Newspaper that were printed in an article," as well as statements made in a radio interview.  Counter-Pl.'s Resp. [17] at 3.  But the Counterclaim does not reference these alleged statements, so as of now, they are not part of Yarber's defamation claim.  As pleaded, the defamation claim fails to allege the unprivileged publication of any false statement.  The motion to dismiss is also granted as to the defamation claim, which is dismissed without prejudice.

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Counter-Defendant Kimberly V. Bracey's Motion to Dismiss [14] is granted.  Yarber's Counterclaim is dismissed. [1]

**SO ORDERED AND ADJUDGED** this the 20th day of March, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1] At this time, Yarber has not moved to amend the Counterclaim.  Because the dismissal of the defamation claim is without prejudice, Yarber may file a motion for leave to amend out of time, attaching a proposed Amended Counterclaim, if he chooses.  *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016) (explaining that a party seeking leave to amend must provide "*some* specificity" as to the substance of the proposed amendment); L.U. Civ. R. 15 ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading . . . .").