UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KIMBERLY V. BRACEY                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:16-CV-657-DPJ-FKB

CITY OF JACKSON, MISSISSIPPI, et al.                                DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Defendant Tony Yarber's

Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted and for

Qualified Immunity [57].  For the reasons that follow, the motion is denied.

I.      Facts and Procedural History

On August 25, 2016, Plaintiff Kimberly V. Bracey filed this lawsuit against the City of

Jackson and then Mayor Tony Yarber, individually and in his official capacity, asserting sex-

discrimination, sexual-harassment, hostile-work-environment, and retaliation claims under Title

VII and 42 U.S.C. § 1983.  Bracey filed her Amended Complaint four days later on August 29,

2016.  In general terms, Bracey claims Yarber mistreated her while she was employed by the

City of Jackson from April 2014 through April 2015 and then terminated her employment for

refusing the mayor's sexual advances.

On October 24, 2016, Yarber, in his individual capacity, filed his Answer [9].  Yarber has

now moved, in his individual capacity, for dismissal, citing Federal Rule of Civil Procedure

12(b)(6).  Bracey responded in opposition; Yarber failed to file a reply, and the time to do so

under Local Rules has now expired.  The Court has personal and subject-matter jurisdiction and

is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[1]  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

Finally, the Court's review under Rule 12 is not unlimited.  Generally speaking, a "court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  The decision to exclude such materials falls within the district

---

[1] Technically, Yarber's motion is one for judgment on the pleadings under Rule 12(c) as he answered the Complaint.  But the standards for addressing motions under Rule 12(b)(6) and Rule 12(c) are the same. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

court's "complete discretion."  *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988) (citation omitted).

The Court will exercise that discretion here by ignoring Yarber's five-page description of Bracey's discovery responses.  *See* Def.'s Mem. [58] at 2–7.  Even if the Court were inclined to consider those statements under Rule 56, Yarber failed to support them with cited record evidence, so they would be ignored anyway under subsections (c)(1)(A) and (e) of Federal Rule of Civil Procedure 56.  Regardless, the Court declines to accept the apparent invitation to convert this motion under Rule 12(d), so review will be limited to the Amended Complaint.

III.    Analysis

Yarber raises several arguments, some of which appear only in his motion.  First, he says he is entitled to qualified immunity on Bracey's claims against him in his individual capacity.  Second, relying on Bracey's discovery responses, he challenges her § 1983 claims.  Third, he argues that he cannot be liable on Bracey's termination claim because he did not terminate her employment.  Fourth, he says that he is immune from suit as to the official-capacity claims.  Fifth, he claims MTCA immunity.  Sixth, he contends that he cannot be held liable for violations of the Electronic Communications Privacy Act and the Storage Communications Act.  Seventh, he references section 15-1-3 of the Mississippi Code, apparently asserting a statute-of-limitations defense.  Finally, he contends that punitive damages cannot be assessed against him as a government actor.  The Court will address each argument in turn.

A.    Qualified Immunity

Yarber says he is entitled to qualified immunity on Bracey's claims against him in his individual capacity.  As Bracey points out, however, qualified immunity "is an affirmative

defense that must be pleaded by a defendant official." *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).  And here, Yarber did not affirmatively plead the defense in his answer.

That omission may not be fatal to this defense, because "[a]n affirmative defense is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in [her] ability to respond." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983).  The problem is that Yarber has neither moved to amend his answer nor argued that this exception to the waiver rule applies to him.  As noted, Yarber failed to file a reply in support of his motion to dismiss and therefore has never addressed Bracey's waiver argument. Absent any argument from Yarber, his motion is denied without prejudice as to qualified immunity.  Should he wish to reassert the defense in the future, he should address the failure to plead it in his answer.

B.      Section 1983 Claims

Yarber's argument as to the substance of Bracey's § 1983 claims is essentially that her discovery responses show "there was no forced sex" and therefore demonstrate that her claims fail.  Def.'s Mem. [58] at 8.  Even if there was no "forced sex," that does not fully answer Bracey's claims.  Regardless, and as stated before, Yarber moved under Rule 12, so the Court's review is limited to the face of the Amended Complaint.  And the factual allegations contained in the Amended Complaint state § 1983 claims against Yarber for sexual harassment and retaliation.  *E.g.*, Am. Compl. [3] ¶¶ 11–21.  The motion is denied as to the § 1983 claims.[2]

---

[2] Because Bracey alleges that Yarber terminated her employment because she refused his sexual advances, she states a federal claim against Yarber without regard to Mississippi's employment-at-will doctrine.

C.      Official-Capacity Claims

Yarber contends—with no explanation—that "in his official capacity [he] is immune from the claims of sexual harassment, retaliation or wrongful termination."  Def.'s Mem. [58] at 9.  But official-capacity claims against a government official are "treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Here, separate counsel represents the City of Jackson—and therefore Yarber in his official capacity—so Yarber is not the proper party to assert defenses to the official-capacity claims.  *Cf. id.* at 166–67 (explaining that defenses available to defendant in his individual capacity would be "unavailable" in "an official-capacity action"); *see also Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) ("[A] § 1983 suit naming defendants in their 'official capacity' does not involve personal liability to the individual defendant.").  Bracey argued this point in her memorandum, Pl.'s Mem. [61] at 6, yet Yarber declined to reply.  The Court finds that this portion of the motion should be denied without prejudice to being reasserted by the proper party.[3]

D.      MTCA Immunity

Bracey notes that, as with the qualified-immunity defense, Yarber failed to raise MTCA immunity in his answer.  More fundamentally, Bracey has not asserted any state-law tort claims, and the MTCA does not "insulate" public employees from liability on federal claims.  *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 595 (5th Cir. 2006) (holding that MTCA does not cover claims under § 1983).  Yarber's motion is denied as to his assertion of MTCA immunity.

---

[3] In any event, Yarber never identifies the source of the immunity he says applies to claims against him in his official capacity.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.54 ("There is certainly no constitutional impediment to municipal liability.").

E.      Electronic Communications Privacy Act and Storage Communications Act Claim

Yarber takes issue with Bracey's claim brought under the Electronic Communications Privacy Act and the Storage Communications Act.  But as Bracey points out, she asserted this claim solely against the City of Jackson.  Pl.'s Mem. [61] at 5; *see* Am. Compl. [3] ¶ 34.  Because the claim is not asserted against Yarber, this portion of his motion to dismiss is denied.

F.      Statute of Limitations

Yarber asserts—again with no explanation—that Bracey's claims "are barred as a matter of law" by section 15-1-3 of the Mississippi Code.  *See* Def.'s Mot. [57] ¶ 4.  That section generally states that completion of the applicable limitations period will extinguish "the right as well as the remedy."  Miss. Code Ann. § 15-1-3.  Here, the applicable limitations period for Bracey's § 1983 claims is the three-year period allowed under section 15-1-49.  *James ex rel. James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990).  That means that any claims accruing after August 25, 2013 (three years before Bracey filed) are timely.  And because Bracey's claims all relate to employment that started in April 2014, it appears that her claims are timely.  This portion of the motion is denied.

G.      Punitive Damages

Yarber finally says that the claim for punitive damages against him should be dismissed because "punitive damages may not be assessed against governmental entities."  Def.'s Mot. [57] ¶ 5.  That statement is true, but it does not help Yarber because punitive damages "are available in a suit against an official personally."  *Graham*, 473 U.S. at 167 n.13 (citations omitted).  Yarber's motion is denied as to the claim for punitive damages.

IV.     Conclusion

        The Court has considered all arguments.  Those not specifically addressed would not

have changed the outcome.  For the foregoing reasons, Defendant Tony Yarber's Motion to

Dismiss for Failure to State a Claim upon which Relief can be Granted and for Qualified

Immunity [57] is denied.

        **SO ORDERED AND ADJUDGED** this the 3rd day of August, 2017.

                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE